No. 268

BYLER v. STATE

Ohio Appeals, 3rd Dist., Stark Co.

No. 809. Decided Feb. 10, 1927

1065. SCHOOLS — Language in affidavit stating "this being the second offense of this nature within the county" does not apprise defendant that he has, for the second time, been charged with failing, neglecting, etc., to send his minor child to school under the compulsory school attendance statute.

First Publication of this Opinion

HOUCK, J.

Seth Byler was tried and convicted in a court of the justice of the peace of Stark County for failing to send his minor child to school as required by the compulsory attendance statute of Ohio (12974 GC.) and fined $25.00. The Common Pleas affirmed the judgment of the justice of the peace.

The portion of the affidavit involved in this case reads: "During said time and then and there unlawfully, wilfully and negligently, did fail to send said minor, Fannie Byler to school or to the proper grade of school, this being the second offense of this nature within said county." The Court of Appeals held:

1. The questions raised are whether the affidavit states an offense in violation of any statutory provision; whether the affidavit sets forth a second offense; and whether the evidence warrants conviction of a second offense if conceded the affidavit sufficiently states such charge.

2. The affidavit clearly and legally states a first offense under the statute; but it fails to state a second offense as the language; "this being the second offense of this nature within the county," does not bring home to Seth Byler the fact that he has for the second time been charged with neglecting, etc., to send his minor child to school. The words used are too general to convey such meaning.

3. The judgment, conviction, and fine as and for the second offense, in the fact of the fact that there is no legal evidence sustaining a former conviction of the first offense, were prejudicially erroneous to Byler.

4. Judgment of conviction in the court of the justice and the affirmance thereof by the common pleas court are reversed and the cause remanded to the magistrate's court for a new trial.

Judgment reversed and cause remanded.

(Shields & Lemert, JJ., concur.)

Attorneys—Frank N. Sweitzer for Byler; H. W. Harter, Jr., and J. M. Aungst for State; all of Canton.